# UNITED STATES DISTRICT COURT

for

## EASTERN DISTRICT OF NORTH CAROLINA
## SOUTHERN DIVISION

U.S.A. vs. Ryan Laverne Barnhill    Docket No. 7:05-CR-69-1BO

### Petition for Action on Supervised Release

COMES NOW Eddie J. Smith, probation officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Ryan Laverne Barnhill, who, upon an earlier plea of guilty to 21 U.S.C. § 841(a)(1), Possession with the Intent to Distribute Cocaine Base (Crack), and 18 U.S.C. § 924(c)(1)(A), Possession of a Firearm in Furtherance of a Drug Trafficking Crime, was sentenced by the Honorable Terrence W. Boyle, U.S. District Judge, on March 9, 2006, to the custody of the Bureau of Prisons for a term of 135 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for 60 months under the conditions adopted by the court.

On September 16, 2009, under 18 U.S.C. § 3582(c)(2), the active term of imprisonment was reduced to 125 months. On December 23, 2011, under 18 U.S.C. § 3582(c)(2), the active term of imprisonment was reduced to 105 months. Ryan Laverne Barnhill was released from custody on March 25, 2013, at which time the term of supervised release commenced.

On May 30, 2013, a violation report was submitted to the court reporting that the defendant tested positive for cocaine on May 29, 2013. As a result, the defendant was enrolled in substance abuse counseling and drug testing was increased. The court agreed to continue supervision.

As a result of a positive test for cocaine use on May 8, 2014, the court modified the conditions of supervision on May 9, 2014, to include participation in a cognitive behavioral program.

On June 26, 2015, a violation report was submitted to the court reporting that the defendant tested positive for oxymorphone use May 28, 2015. The defendant reported that he took prescription medication that was not prescribed to him for his back pain. He was instructed not to take any prescription medication without it being prescribed to him. The court agreed to continue supervision.

On July 2, 2015, as a result of the defendant informing the probation officer that he was experiencing anger problems related to post traumatic stress, the court modified the conditions of supervision to include mental health counseling.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:** On July 20, 2015, a Motion for Revocation was filed alleging that the defendant violated the terms of his supervised release by Engaging in Criminal Conduct/ Possessing a Controlled Substance. The offense involved the defendant possessing synthetic marijuana. After conferring with Assistant U.S. Attorney Eleanor Morales about this case, it is felt that this violation

Ryan Laverne Barnhill
Docket No. 7:05-CR-69-1BO
Petition For Action
Page 2

does not require a mandatory revocation as provided in 18 U.S.C. § 3583(g)(1). At this time, we are recommending that the Motion for Revocation be withdrawn, and the hearing scheduled for August 12, 2015, be cancelled. As a sanction for this conduct, we are recommending that the conditions of supervision be modified to include 60 days of home detention with electronic monitoring. The defendant's attorney, Assistant Federal Public Defender Cindy Bembry, was contacted and had no objection to this recommendation. The defendant signed a Waiver of Hearing agreeing to the proposed modification of supervision.

**PRAYING THAT THE COURT WILL ORDER** that the Motion for Revocation dated July 20, 2015, be withdrawn and the hearing scheduled for August 12, 2015, be cancelled.

**ADDITIONALLY PRAYING THAT THE COURT WILL ORDER**, that supervised release be modified as follows:

The defendant shall abide by all conditions and terms of the home detention program for a period not to exceed 60 consecutive days. The defendant shall be restricted to his residence at all times except for pre-approved and scheduled absences for employment, education, religious activities, treatment, attorney visits, court appearances, court obligations or other activities as approved by the probation officer. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer

Except as herein modified, the judgment shall remain in full force and effect.

| | |
|---|---|
| Reviewed and approved, | I declare under penalty of perjury that the foregoing is true and correct. |
| /s/ Robert K. Britt | /s/ Eddie J. Smith |
| Robert K. Britt | Eddie J. Smith |
| Senior U.S. Probation Officer | U.S. Probation Officer |
| | 310 Dick Street |
| | Fayetteville, NC 28301-5730 |
| | Phone: (910) 483-8613 |
| | Executed On: August 4, 2015 |

### ORDER OF COURT

Considered and ordered this _4_ day of _August_, 2015, and ordered filed and made a part of the records in the above case.

Terrence W. Boyle
U.S. District Judge

Case 7:05-cr-00069-BO   Document 56   Filed 08/05/15   Page 2 of 2